# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**AMERICAN FAMILY LIFE ASSURANCE,**                                         **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 4:03CV370-P-B**

**GLORIA THOMAS PATE,**                                                         **DEFENDANT**

## REPORT AND RECOMMENDATIONS

**BEFORE THE COURT** is Defendant American Family Life Assurance Company of Columbus' ("AFLAC") unopposed motion [doc. 64] for default judgment. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 for review and issuance of a report and recommendations. Having considered the motion and the file and record of this action, the undersigned finds and recommends as follows.

AFLAC served its Second Amended Petition for Declaratory Judgment ("Second Amended Petition") upon defendant on September 4, 2004. In pertinent part, the Second Amended Petition adds the following new request for declaratory relief:

> 28. To effectuate accidental death coverage under the subject policies, the injury giving rise to death must be caused directly by an accident independent of sickness or disease, bodily injury or any other cause. *See Exhibits A and B, Policies of Insurance*, attached to the Petition for Declaratory filed on or about September 22, 2003.
>
> 29. Mr. Pate's subsequent fall following surgery was caused by the sickness he was experiencing in his knees that caused the need for the surgery and culminated in the fall.[1] No untoward event caused him to fall nor is their [sic] evidence that anything other than week [sic] knees caused the fall. Therefore, Mr. Pate's fall was not independent of sickness, disease, bodily injury or other cause and, as such, Mr. Pate's subsequent fall after the surgery does not qualify his death as accidental so as to qualify for coverage. . . .

---

[1] Medical records from Mississippi Sports Medicine and Orthopaedic Center dated January 8, 2003, which are appended to the Motion for Summary Judgment filed on March 11, 2004, indicate that Roy Pate had been experiencing knee pain for the previous five (5) years unrelated to any accident.

> 30. Taking into account that Pate was made aware of the risk of pulmonary embolus secondary to surgery expected or foreseeable in light of Pate's health condition prior to the surgery, that even if the embolus resulted from malpractice this does not qualify the death triggering event as an accident so as to bring it within coverage under an accidental death policy, that the subsequent post-surgery fall did not trigger the events which led to Mr. Pate's death, and that his subsequent post-surgery fall did not occur independent of sickness or injury, Gloria Thomas Pate should not recover benefits.

Defendant failed to answer or otherwise respond to the Second Amended Petition within the twenty (20) days allowed by Rule 4 of the Federal Rules of Civil Procedure. Upon AFLAC's Application [doc. 56] , the Clerk made a Docket Entry of Default [doc. 58] against AFLAC.

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. If a party "against whom a judgment for affirmative relief is sought" fails to "plead or otherwise defend" a case, and "that fact is made to appear by affidavit or otherwise, the clerk [of court] shall enter the party's default." FED.R.CIV.P. 55(a). Once a default is entered, "the party entitled to a judgment by default" may move the Court for entry of default judgment. FED.R. CIV.P. 55(b). A default judgment is normally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977).

In this case, the procedural requirements for default judgment have been satisfied. Thus, the Court must evaluate AFLAC's Complaint and satisfy itself that "[t]here [is] a sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). That said, by virtue of its default, the defendant has admitted AFLAC's well-pleaded allegations of fact. *Id. See also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as

true"). Thus, only if AFLAC's Complaint provides a sufficient basis for the relief it seeks can the Court grant default judgment, and issue declaratory relief, in its favor.

Because defendant has admitted all well-pleaded factual allegations in AFLAC's Complaint as true, and those allegations establish there is no coverage under the subject accidental death policies because there is no evidence that an accident independent of the sickness or disease in decedent's knees directly caused the post-surgical fall which led to his death, AFLAC is entitled to a default judgment. Therefore, it is recommended that the Court issue a declaratory judgment and that AFLAC's motion for a default judgment [docket no. 64] be granted.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 9th day of November, 2005.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**